O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID B. JOHNSON,** | **NO. CV 14-3056-JVS (MAN)** |
| **Petitioner,** | **ORDER: SUMMARILY DENYING AND DISMISSING PETITION; AND DENYING CERTIFICATE OF APPEALABILITY** |
| **v.** | |
| **WARDEN DAVIS,** | |
| **Respondent.** | |

On April 21, 2014, Petitioner, a California state prisoner, filed a habeas petition pursuant to 28 U.S.C. § 2254 ("Petition"). Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, it plainly appears that the Petition is not cognizable. Therefore, the Petition must be dismissed without prejudice.

## PRIOR PROCEEDINGS

Petitioner currently is serving a Three Strikes sentence of 25 years to life based upon his 1999 conviction in Los Angeles Superior Court Case No. BA184592. (Petition at 2.) Petitioner was convicted of one count of making terrorist threats in violation of California Penal Code § 422, and

the trial court found that Petitioner had suffered two prior convictions of serious or violent felonies within the meaning of California's Three Strikes law, California Penal Code §§ 667(b)-(i) and 1170.12(a)-(d) (the "1999 Conviction").[1]

After the 1999 Conviction was affirmed on appeal and Petitioner unsuccessfully sought state habeas relief, he filed a Section 2254 habeas petition in this Court in Case No. CV 03-912-JVS (MAN) (the "First Action"). The First Action petition raised ten claims, which challenged the 1999 Conviction and Petitioner's Three Strikes sentence. On May 25, 2003, Judgment was entered denying the First Action petition on its merits and dismissing the First Action with prejudice. Petitioner appealed. On June 1, 2007, the United States Court of Appeals for the Ninth Circuit denied a certificate of appealability (Case No. 06-55961).

On April 27, 2010, Petitioner filed a second Section 2254 petition in this Court in Case No. CV 10-3166-JVS (MAN) (the "Second Action"), which again challenged the 1999 Conviction. On April 30, 2010, the Second Action was dismissed without prejudice on the basis that it was an unauthorized second or successive petition. On April 9, 2011, the Ninth Circuit denied Petitioner's application for leave to file a second or successive petition challenging the 1999 Conviction (Case No. 11-71585).

Petitioner alleges that, in 2013, he pursued state proceedings that may relate to his present claim (discussed *infra*). In January 2013, Petitioner filed a petition to recall his sentence pursuant to California Penal Code § 1170.126 in the trial court.[2] On January 28, 2013, the trial court

---

[1]     Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has taken judicial notice of its records and files in Petitioner's prior actions in this Court., as well as of the dockets for the United States Court of Appeals for the Ninth Circuit available through the PACER system.

[2]     California Penal Code § 1170.126 ("Section 1170.126") went into effect on November 7, 2012. Section 1170.126 "created a postconviction release proceeding whereby a

denied the petition with prejudice on the ground that Petitioner's "current offense is a serious and/or violent felony under Penal Code section 1192.7(c) and 667.5(c), making [Petitioner] ineligible for resentencing under section 1170.126." (Petition at 4 and attached copy of the trial court's order.)  Petitioner filed a habeas petition in the California Court of Appeal on March 20, 2013, which the state appellate court denied summarily on March 29, 2013, and by amended order on April 16, 2013.  (Petition at 4 and attached copy of the California Court of Appeal's order.)  Petitioner then filed a habeas petition in the California Supreme Court, which the state high court denied summarily on June 12, 2013.  (Petition at 4-5 and attached copy of the California Supreme Court's order.)  The summary denials of relief by the California Court of Appeal and the California Supreme Court are deemed to rest on the same basis articulated by the trial court, namely, that Petitioner is ineligible for resentencing under Section 1170.126, because for purposes of that statute, his present conviction is for a crime that is a serious and/or violent felony.  *See* Ylst v. Nunnemaker, 111 S. Ct. 2590, 2594 (1991); Cannedy v. Adams, 706 F.3d 1148, 1157-59 (9th Cir.), *amended by* 733 F.3d 794, *cert. denied*, 134 S. Ct. 1001 (2013).

## PETITIONER'S HABEAS CLAIM

Petitioner disputes the state courts' finding that he is ineligible for resentencing under Section 1170.126 on the ground that his present offense constitutes a serious and/or violent felony.  Petitioner asserts that his offense is not a serious and/or violent felony for purposes of Section 1170.126, because:  neither the abstract of judgment nor the minutes of his sentencing hearing nor a recent statement by his correctional counselor designated his violation of California Penal Code § 422 as a serious and/or violent felony; the California sentencing scheme did not include violations of California Penal Code § 422 among the list of "serious" felonies until an

---

prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety." People v. Yearwood, 213 Cal. App. 4th 161, 168 (2013).

1    amendment in 2000, the year after he was sentenced but before his conviction was affirmed on

2    direct appeal, *see* California Penal Code § 1192.7(c)(38); and thus, his 1999 sentence has been

3    rendered more "rigorous."   Petitioner contends that treating his present conviction as a serious

4    offense for purposes of applying Section 1170.126, and the attendant failure to recall his sentence

5    under that statute, violates his federal rights to due process and equal protection.   (Petition at

6    5-6 and attached pages.)   As relief, Petitioner seeks the recall of his sentence and resentencing

7    pursuant to Section 1170.126.   (Petition at 2.)

8

9                                            **DISCUSSION**

10

11           The instant Petition does not purport to challenge the 1999 Conviction and Petitioner's

12   related Three Strikes sentence.   Instead, Petitioner seeks federal habeas relief based upon the

13   state courts' denial of his request that his sentence be recalled and reduced pursuant to the

14   Section 1170.126 remedy that came into existence in late 2012.   The Court finds that the instant

15   Petition is not a second or successive petition within the meaning of 28 U.S.C. § 2244(b), because

16   the claim alleged and relief sought by Petitioner are not directed to his underlying 1999 Conviction

17   and sentence, and Petitioner could not have raised his present claim in his First Action petition,

18   given that Section 1170.126 was not enacted until many years later.   Accordingly, Section 2244(b)

19   does not bar this action.   *See* Hill v. State of Alaska, 297 F.3d 895, 897-99 (9th Cir. 2002)

20   (petitioner's habeas petition challenging the calculation of his release date under the state's

21   mandatory parole provisions held not to constitute a second or successive petition despite

22   petitioner's earlier habeas petitions challenging his underlying conviction); *see also* Magwood v.

23   Patterson, 130 S. Ct. 2788, 2805 (2010) (Kennedy, J., dissenting) ("if the petitioner had no fair

24   opportunity to raise the claim in the prior application, a subsequent application raising that claim

25   is not 'second or successive,' and § 2244(b)(2)'s bar does not apply. This can occur where the

26   claim was not yet ripe at the time of the first petition, . . . or where the alleged violation occurred

27   only after the denial of the first petition, such as the State's failure to grant the prisoner parole

28   as required by state law. . . .").

                                                    4

Even though the Petition is not barred by Section 2244(b), it nonetheless should be summarily dismissed, because the claim raised and the relief sought are not cognizable.  "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  Estelle v. McGuire, 112 S. Ct. 475, 480 (1991) (internal citations omitted).  It is well-settled that federal habeas relief is available only to state prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §§ 2241, 2254; see also Swarthout v. Cooke, 131 S. Ct. 859, 861 (2011) (per curiam) ("'We have stated many times that federal habeas corpus relief does not lie for errors of state law.'") (citation omitted); Wilson v. Corcoran, 131 S. Ct. 13, 16 (2010) ("it is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts") (per curiam); Bonin v. Calderon, 59 F.3d 815, 841 (9th Cir. 1995) (violation of a "state law right does not warrant habeas corpus relief"); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) ("alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings).

Generally, a challenge to a state court's application of state sentencing laws does not give rise to a federal question cognizable on federal habeas review.  See Lewis v. Jeffers, 110 S. Ct. 3092, 3102 (1990); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (claim that offense did not constitute a "serious felony" held not to be cognizable on federal habeas review, because it "is a question of state sentencing law"); Sturm v. California Youth Authority, 395 F.2d 446, 448 (9th Cir. 1967) ("a state court's interpretation of its [sentencing] statute does not raise a federal question").  To state a cognizable federal habeas claim based on a claimed state sentencing error, a petitioner must show both state sentencing error and that the error was "so arbitrary or capricious as to constitute an independent due process" violation.  Richmond v. Lewis, 113 S. Ct. 528, 536 (1992).  Petitioner has not alleged a tenable claim of such a due process violation here, nor could he do so, because the Petition, on its face, shows there was neither state sentencing error nor arbitrariness.

Section 1170.126(b) permits petitions to recall sentences only for those prisoners whose convictions are for "a felony or felonies that [is/]are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." *See also* Section 1170.126(e)(1) (an inmate is "eligible for resentencing" only if his conviction is for a felony that is not defined as serious and/or violent felonies under Section 667.5(c) or Section 1192.7(c)). Petitioner's underlying offense -- a violation of California Penal Code § 422 -- plainly constituted a "serious" felony at the time Section 1170.126 was enacted. *See* California Penal Code § 1192.7(c)(38).

The language of Section 1170.126 speaks in terms of the present statutory framework and looks to the current definitions of serious and violent felonies -- a definition that encompasses Petitioner's 1999 Conviction.  Thus, it is irrelevant that Petitioner's offense was defined as a "serious" felony after he was convicted but many years before Section 1170.126 was enacted. Petitioner's contention that the denial of his petition to recall his sentence at the first step -- namely, on the ground that his 1999 Conviction was ineligible for Section 1170.126 relief -- rendered his sentence more "rigorous" is without merit -- his sentence remains the same as it was before he filed his Section 1170.126 petition. *See* People v. Haynes, 225 Cal. App. 4th 99, 1004 (2014) ("a trial court's ruling at the first step of the process does not change an inmate's sentence").  In any event, Petitioner's argument -- that California courts are precluded from using the current statutory listings of "serious" and "violent" felonies when applying Section 1170.126 to his conviction for making terrorist threats and, instead, must look to the statutory listings as they existed in 1999, when his conviction was sustained -- has been soundly rejected in California.

In Braziel v. Superior Court, 225 Cal. App. 4th 933 (2014), the petitioner was convicted of a violation of California Penal Code § 422 (making terrorist threats) in 1999, just like Petitioner. Also like here, the trial court denied Braziel's petition to recall his sentence on the ground that the Section 422 violation was a serious felony under California Penal Code § 1192.7(c)(38), and thus, he was ineligible for resentencing. *Id.* at 937-38.  On appeal, Braziel argued, as does Petitioner

1   here, that the trial court was not permitted to look to the current version of Section 1192.7(c) in

2   determining whether a Section 422 violation is a serious felony but, instead, was required to look

3   at the version of the statute that existed in 1999, at which time it did not list Section 422

4   violations.  The California Court of Appeal, Second District, disagreed, holding that in determining

5   whether an inmate is eligible for resentencing, a trial court "should use the current, post-

6   Proposition 36 definitions of serious and violent felonies." *Id.* at 944.  In deciding the issue, the

7   California Court of Appeal examined the evidence of voter intent in enacting Section 1170.126,

8   general rules of statutory interpretation, the law governing prospective and retrospective

9   application of criminal statutes, the overall statutory scheme of which Section 1170.126 is a part,

10  and a memorandum prepared by two California judges regarding how Section 1170.126 should

11  be applied (posted on the California Courts website).[3]  (*Id.* at 940-46.)  The state appellate court

12  concluded that:

13

14         The language of section 1170.126, considered in the context of the overall

15  ─────────────────────────

16         [3]      Couzens & Bigelow, The Amendment of the Three Strikes Sentencing Law (Nov.
    2013), <www.courts.ca.gov/documents/Three–Strikes–Amendment–Couzens–Bigelow.pdf> [as

17  of Apr. 9, 2014].  As the Court noted in <u>Braziel</u>:

18         A recent commentary on Proposition 36 agrees with our conclusion that an
           inmate convicted of making a terrorist/criminal threat prior to the enactment of

19         Proposition 21 in March 2000 is not eligible for resentencing under the Act.  In
           discussing the effect of section 1170.125 on 1170.126, Couzens and Bigelow state

20         that "Proposition 21, enacted March 7, 2000, added section 422, making criminal
           threats, to the list of serious felonies in section 1192.7[, subdivision](c)(38).  It is

21         of no benefit to a defendant sentenced to a 25–life term for a violation of section
           422 prior to 2000 that the crime was not then listed as a serious felony.  Based on

22         the objective intent of the amendment to section 1170.125 and the opening
           paragraph of section 1170.126[, subdivision](a), eligibility for resentencing must be

23         based on the interpretation of statutes as they exist on or after November 7, 2012.
           In the case of a person convicted of a violation of section 422 prior to March 7,

24         2000, he or she would not be eligible for resentencing because section 1192.7[,
           subdivision](c)(38), as it read on November 7, 2012, lists section 422 as a serious

25         felony." (Couzens & Bigelow, The Amendment of the Three Strikes Sentencing Law,

26         supra, pp. 25–26.)

27

28  <u>Braziel</u>, 225 Cal. App. 4th at 943.

three strikes sentencing scheme, and the evidence of the voters' intent in enacting the section, support the conclusion that in determining whether an inmate is eligible for recall of his sentence under section 1170.126, the court must use the current, post-Proposition 36 definitions of serious and/or violent felonies, not those definitions in effect at the time of commission of the crimes.  Therefore, Braziel's conviction of making a terrorist/criminal threat under section 422 is a conviction of a serious and/or violent felony, and he is ineligible for recall of his sentence for that offense.

*Id.* at 946.

Braziel conclusively repudiates Petitioner's claim raised here.  This federal habeas court is bound by the state court's interpretation, in Braziel, of how Section 1170.126 applies to convictions, such as Petitioner's, for a violation of California Penal Code § 422 that occurred in 1999.  *See* Bradshaw v. Richey, 548 U.S. 74, 76 (2005) (*per curiam*).  Under existing California law, no state sentencing error occurred when the trial court denied Petitioner's petition to recall his sentence.  There was nothing arbitrary or capricious in the trial court's finding that Petitioner's conviction constitutes a serious felony for purposes of application of Section 1170.126 and, thus, rendered his Three Strikes sentence ineligible for recall.

Petitioner's attempt to transform his claim of an alleged misapplication of Section 1170.126 into a claim of a violation of his federal constitutional rights, by conclusory references to "due process" and "equal protection," is unavailing.  Draping this question of state law in the verbiage of due process or equal protection does not render the claim cognizable here.  Langford, 110 F.3d at 1389 (a petitioner "may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process"); *see also* Little v. Crawford, 449 F.3d 1075, 1083 n.6 (9th Cir. 2006) (observing that a showing of a possible "'variance with the state law'" does not constitute a federal question, and that federal courts "'cannot treat a mere error of state law, if

8

one occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question'"; citation omitted).  Because this Court must defer to the state court's determination that no state sentencing error occurred, Petitioner's claim does not state a cognizable federal habeas claim, Richmond, 506 U.S. at 50, 113 S. Ct. at 536, and it cannot serve as a basis for federal habeas relief.  See Hill v. Brown, 2014 WL 1093041 (C.D. Cal. March 18, 2014) (No. CV 14-662-CJC (RNB)) (rejecting as noncognizable petitioner's federal constitutional challenge to the denial of his Section 1170.126 petition to recall his sentence, and summarily denying the federal habeas petition pursuant to Rule 4); Cooper v. Supreme Court of California, 2014 WL 198708 (C.D. Cal. Jan. 16, 2014) (No. CV 14-124-CAS (CW)) (same); Johnson v. Spearman, 2013 WL 3053043 (C.D. Cal. June 10, 2013) (No. CV 13-3021-JVS (AJW)) (denying petition raising claim made here as, inter alia, noncognizable).

Accordingly, for the foregoing reasons, it is ORDERED that the Petition shall be DENIED AND DISMISSED WITHOUT PREJUDICE.  In addition, the Court concludes that a certificate of appealability is unwarranted in this case, because Petitioner has failed to make a substantial showing of the denial of a constitutional right and, under the circumstances, jurists of reason would not disagree with the Court's determination that the Petition is not cognizable.  Thus, a certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  June 9, 2014.

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE